IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) |
| Movant, | ) ) ) |
| v. | ) No. 14-2311-STA-tmp ) |
| VILLAGE GREEN I, GP, a Nevada General Partnership, | ) ) ) ) |
| Respondent. | ) |

---

**ORDER DENYING MOVANT'S MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE AND DENYING RESPONDENT'S MOTION TO DISMISS AS MOOT MOVANT'S MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE**

---

Before the Court is Movant Federal National Mortgage Association ("Fannie Mae")'s Motion to Withdraw the Bankruptcy Reference Pursuant to 28 U.S.C. § 157(d) (ECF No. 1) filed on April 30, 2014, to which Respondent Village Green I, GP ("Village Green") objected. Also before the Court is Village Green's Motion to Dismiss as Moot Respondent's Motion to Withdraw (ECF No. 9) filed on May 22, 2014. Fannie Mae responded in opposition. For the reasons set forth below, Fannie Mae's Motion to Withdraw the Bankruptcy Reference is **DENIED** without prejudice and Village Green's Motion to Dismiss as Moot Fannie Mae's Motion to Withdraw the Bankruptcy Reference is also **DENIED**.

1

## BACKGROUND

This is the parties' third appearance before the Court in the present matter that originated in the United States Bankruptcy Court for the Western District of Tennessee. Village Green is the owner of the Village Green Apartments located at 3450 Fescue Lane, Memphis, Tennessee ("the property"). The property is a 314-unit apartment complex situated in the Hickory Hill neighborhood. On April 16, 2010, Village Green filed a Chapter 11 petition. In the four years since Village Green filed the petition, Fannie Mae has twice appealed the Bankruptcy Court's decision to confirm Village Green's Chapter 11 plan. In both appeals, this Court reversed and remanded for further proceedings. The Court has set out the factual and procedural background of the case in its opinions in *Federal National Mortgage Association v. Village Green I, GP*, 483 B.R. 807 (W.D. Tenn. 2012) ("*Village Green I*") and in *Federal National Mortgage Association v. Village Green I, GP*, No. 13-2643-STA, 2014 WL 288974 (W.D. Tenn. Jan. 27, 2014) ("*Village Green II*"). As such, the Court need not review the full background of Village Green's bankruptcy proceedings and will provide only background relevant to the Motions before the Court.

In the most recent remand, the Bankruptcy Court granted Fannie Mae's motion to lift the automatic stay and *sua sponte* dismissed the case pursuant to 11 U.S.C. § 1112(b)(4) by order dated April 24, 2014. With the automatic stay lifted, Fannie Mae noticed a foreclosure sale of the property. In addition, on April 29, 2014, Fannie Mae filed two motions in the Bankruptcy Court. Fannie Mae's first motion sought to withdraw the bankruptcy reference pursuant to 28 U.S.C. § 157(d) for the purpose of permanently transferring the underlying bankruptcy case to the District Court. Fannie

Mae's second motion sought to stay the proceedings pending the Bankruptcy Court's determination of the motion to withdraw the bankruptcy reference. On the next day, April 30, 2014, Fannie Mae filed an almost identical motion to withdraw the bankruptcy reference in this Court, and Village Green timely appealed the decisions of the Bankruptcy Court to the Bankruptcy Appellate Panel for the Sixth Circuit. Village Green also filed a motion for stay pending appeal, which Fannie Mae did not oppose. Fannie Mae subsequently exercised its right to have the appeal heard by the District Court pursuant to 28 U.S.C. § 158(c)(1)(B). On May 22, 2014, Village Green filed a motion to dismiss as moot Fannie Mae's motion to withdraw the bankruptcy reference to which Fannie Mae responded in opposition.[1]

Village Green argues that Fannie Mae's exercise of its right to transfer the appeal to the District Court renders moot Fannie Mae's Motion to Withdraw the bankruptcy reference because both achieve the same result—to have the District Court hear the case. Apparently equating the entire underlying bankruptcy case with the appeal, Village Green asserts that granting Fannie Mae's Motion would not affect the legal interests of the parties because the case is before the District Court as a result of Fannie Mae's election to transfer the appeal, and according to Village Green, that is the exact result Fannie Mae sought by filing its motion for withdrawal.

Fannie Mae has responded in opposition, arguing that its Motion to Withdraw the bankruptcy reference is not moot because its exercise of its right to transfer the appeal and its Motion for Withdrawal do not achieve the same result. Fannie Mae asserts that

---

[1] Before filing its Motion to Dismiss as moot Fannie Mae's motion to withdraw the bankruptcy reference, Village Green filed an objection to Fannie Mae's Motion on May 5, 2014, to which Fannie Mae responded in opposition on May 14, 2014.

only two proceedings in the case and not the entire underlying bankruptcy case are before the Court—Fannie Mae's Motion for Withdrawal and Village Green's appeal. By exercising its right to have the District Court hear the appeal, Fannie Mae sought to transfer only the appeal to the Court. By filing its Motion to Withdraw the bankruptcy reference, Fannie Mae states that it sought to have the Court preside over not only the appeal but all future proceedings until the close of the case. Fannie Mae states that, without withdrawal of the reference, the underlying bankruptcy case will return to the Bankruptcy Court at the conclusion of the two aforementioned proceedings before the Court. Thus, Fannie Mae argues that the parties retain a legal interest in the outcome of Fannie Mae's Motion for Withdrawal because its election to have the District Court hear the appeal and its Motion to Withdraw the bankruptcy reference do not achieve the same result.

Village Green further argues that Fannie Mae has failed to demonstrate sufficient cause for permissive withdrawal of the reference.[2] Village Green notes that there is a preference for bankruptcy proceedings to be adjudicated in the bankruptcy court unless contravening policy or unusual circumstances justify removal of the bankruptcy proceedings to a district court. Village Green argues that withdrawal is not justified after consideration of the judge-made factors for permissive withdrawal. First, the issues before the Court are core issues that should be decided by the Bankruptcy Court. Second, uniformity of bankruptcy administration and judicial efficiency will be best served by allowing the appeal to proceed in its ordinary course. According to Village Green, the

---

[2] Village Green also makes several procedural arguments: (1) that this Court lacks jurisdiction to withdraw the reference after the underlying bankruptcy case's dismissal; (2) that this Court lacks jurisdiction to withdraw the reference following the Village Green's appeal of the underlying bankruptcy case's dismissal; and (3) that Fannie Mae's motion is untimely.

Bankruptcy Rules of Procedure and the Appellate Procedures of the Sixth Circuit support this contention. Third, allowing withdrawal in this case will promote forum shopping and undermine the bankruptcy process. Village Green asserts that by filing its Motion for Withdrawal, Fannie Mae is blatantly attempting to manipulate the legal system to prevent Village Green from creating a satisfactory Chapter 11 plan and paying its outstanding debt to Fannie Mae. Thus, the factors disfavor permissive withdrawal of the bankruptcy reference.

In response, Fannie Mae argues that an analysis of the permissive withdrawal factors favors withdrawal. First, the Court is familiar with the facts and circumstances of the case, as the case has twice been appealed to the Court. Second, allowing withdrawal will serve judicial economy. According to Fannie Mae, if the case remains in the Bankruptcy Court, Village Green will likely file a second bankruptcy case, and thus prejudice Fannie Mae by continuing to prevent Fannie Mae from exercising its foreclosure rights. As a result, the parties will experience further delays and incur additional costs. Third, withdrawal will promote uniformity of bankruptcy administration because this Court has reversed two decisions of the Bankruptcy Court, and the Bankruptcy Court *sua sponte* dismissed the case. Finally, allowing withdrawal will expedite the bankruptcy process. Fannie Mae argues that withdrawing the reference will "short-circuit" the case by eliminating the Bankruptcy Court and permitting the District Court to address the issues. For these reasons, the Court should withdraw the reference.

**JURISDICTION**

The United States District Courts possess original and exclusive jurisdiction of all cases and proceedings arising under Title 11 of the United States Code.[3] The District Court may refer its jurisdiction of cases and proceedings arising under Title 11 to the Bankruptcy Court.[4] But the District Court "may withdraw, in whole or in part, any case or proceeding referred [to the Bankruptcy Court pursuant to Section 157(a)] on its own motion or on timely motion of any party, for cause shown."[5] This is known as permissive withdrawal of reference. Federal Rule of Bankruptcy Procedure 5011 grants District Courts sole jurisdiction over motions for withdrawal of a case or proceeding.[6] Therefore, the Court holds that it has jurisdiction to hear Fannie Mae and Village Green's motions in this matter.

**ANALYSIS**

The withdrawal statute does not provide a definition of "cause" sufficient to permit withdrawal of reference, and courts in the Sixth Circuit do not adhere to a specific test to determine whether cause exists.[7] But when making cause determinations, Sixth Circuit courts generally consider similar factors, such as judicial economy, the existence

---

[3] 28 U.S.C. § 1334(a).

[4] *Id.* § 157(a).

[5] *Id.* § 157(d).

[6] Fed. R. Bankr. P. 5011.

[7] *See In re DeLorean Motor Co.*, 49 B.R. 900, 912 (E.D. Mich. 1985) ("The 'cause shown' test is, to be sure, an amorphous test. It is a chameleon within the legal lexicon whose definition is created by its application."); *Trailer Source, Inc. v. Hyundai Translead, Inc.*, No. 3:10-CV-00148, 2010 WL 1408669, at *4 (M.D. Tenn. Mar. 29, 2010) (stating that "[t]here is little Sixth Circuit law on the issue").

of core or non-core claims, convenience, presence of a jury demand, familiarity with the case, reduction of confusion, prevention of forum shopping, uniformity of bankruptcy administration, timing, and economical use of the parties' resources.[8] Some courts in the Sixth Circuit also require a "compelling" reason for permissive withdrawal of reference.[9] Ultimately, however, "the district court retains ample discretion in making the decision to withdraw the reference."[10]

In light of the current posture of the case, the Court holds that it is unnecessary to decide Fannie Mae's Motion for Withdrawal at this time. When Fannie Mae filed its Motion for Withdrawal, Fannie Mae acted out of a concern that Village Green would file a second bankruptcy case and prevent Fannie Mae from exercising its foreclosure rights. But at this point in the litigation, the case is on appeal, and the Court has entered a stay pending the outcome of the appeal. These new developments, which occurred after Fannie Mae filed its Motion to Withdraw the reference, have overtaken the case. However, should future proceedings in the case necessitate Fannie Mae's filing of a second motion to withdraw the reference, Fannie Mae may request appropriate relief at that time. Accordingly, Fannie Mae's Motion to Withdraw the bankruptcy reference is **DENIED** without prejudice, and Village Green's motion to dismiss as moot Fannie Mae's motion to withdraw is **DENIED**.

---

[8] *See, e.g.*, *In re City of Detroit*, 498 B.R. 776, 790 (E.D. Mich. 2013); *Trailer Source*, 2010 WL 1408669, at *4; *In re Cyberco Holdings, Inc.*, No. 04-14905, 05-80020-RJH, 1:05-CV-566, 2005 WL 2704508, at *3 (W.D. Mich. Oct. 20, 2005); *In re S. Indus. Mech. Corp.*, 266 B.R. 827, 831 (W.D. Tenn. 2001); *In re Onyx Motor Car Corp.*, 116 B.R. 89, 90-91 (S.D. Ohio 1990).

[9] *See, e.g.*, *In re Washington Mfg. Co.*, 133 B.R. 113, 116 (M.D. Tenn. 1991); *In re Onyx Motor Car Corp.*, 116 B.R. at 90.

[10] *Nukote Int'l, Inc. v. Office Depot, Inc.*, No. 3:09-0921, 2009 WL 3840482, at *3 (M.D. Tenn. Nov. 16, 2009).

## CONCLUSION

Fannie Mae's Motion to Withdraw the Bankruptcy Reference Pursuant to 28 U.S.C. § 157(d) is **DENIED** without prejudice, and Village Green's Motion to Dismiss as Moot Fannie Mae's Motion to Withdraw the Bankruptcy Reference is **DENIED**. The Clerk is directed to close case number 14-2311.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: December 1, 2014.